**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__NORTHERN__ District of __ILLINOIS__
(State)

Case number (*If known*): _____ Chapter _7_

☐ Check if this is an amended filing

Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  SEAWAY BANCSHARES, INC.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)   3 6 – 3 0 3 3 7 0 3

4. **Debtor's address**

   **Principal place of business**

   645 East 87th Street
   Number    Street

   _____

   CHICAGO             IL     60619
   City                State   ZIP Code

   COOK
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City                State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City                State   ZIP Code

5. **Debtor's website** (URL) _____

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor     SEAWAY BANCSHARES, INC.                              Case number (*if known*)_____
           Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5  2  3  9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____ When _____ Case number _____
                                        MM / DD / YYYY
         District _____ When _____ Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.  Debtor _____ Relationship _____
         District _____ When _____
                                                        MM / DD / YYYY
         Case number, if known _____

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **2**

Debtor  SEAWAY BANCSHARES, INC  Case number (*if known*)_____
         Name

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
    Number    Street

    _____

    _____
    City                                    State    ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
            Contact name   _____
            Phone          _____

### Statistical and administrative information

13. **Debtor's estimation of available funds**

    *Check one:*

    ☐ Funds will be available for distribution to unsecured creditors.
    ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    ☒ 1-49              ☐ 1,000-5,000        ☐ 25,001-50,000
    ☐ 50-99             ☐ 5,001-10,000       ☐ 50,001-100,000
    ☐ 100-199           ☐ 10,001-25,000      ☐ More than 100,000
    ☐ 200-999

15. **Estimated assets**

    ☐ $0-$50,000            ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
    ☐ $50,001-$100,000      ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
    ☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
    ☒ $500,001-$1 million   ☐ $100,000,001-$500 million    ☐ More than $50 billion

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **3**

| Debtor | SEAWAY BANCSHARES, INC. | Case number *(if known)* |
|---|---|---|
| | Name | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10-30-17
                MM  DD  YYYY

_/s/ Veranda L. Dickens_
Signature of authorized representative of debtor

Veranda L. Dickens
Printed name

Title  Executive Chairman

**18. Signature of attorney**

X _/s/_
Signature of attorney for debtor

Date  11/6/17
          MM / DD / YYYY

Jason M. Torf
Printed name

Horwood Marcus & Berk Chartered
Firm name

500 West Madison, Suite 3700
Number   Street

Chicago                                   IL         60661
City                                      State     ZIP Code

(312) 606-3236                            jtorf@hmblaw.com
Contact phone                             Email address

#6256778                                  Illinois
Bar number                                State

# RESOLUTION OF THE BOARD OF DIRECTORS OF SEAWAY BANCSHARES, INC. DATED AS OF OCTOBER 30, 2017

WHEREAS, the members of the board of directors (the "Board") of Seaway Bancshares, Inc. (the "Company"), hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of the Company and the laws of the state of Illinois:

## Chapter 7 Filing

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for dissolution (the "Chapter 7 Case") under the provisions of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction and/or any other petition for relief or recognition of any other order that may be desirable under applicable law in the United States;

RESOLVED, that any director or any duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

## Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ the law firm of Horwood Marcus & Berk Chartered ("HMB") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers,

and to cause to be filed an appropriate application for authority to retain the services of Horwood;

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized and directed to employ and retain any other professional advisors to represent and assist the Company in carrying out their duties under the Bankruptcy Code as such Authorized Signatory deems necessary, proper or desirable in connection with the Company's Chapter 7 Case, with a view to the successful prosecution of such case; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any such other professional advisors, in each case on such terms as such Authorized Signatory deems necessary, proper or desirable in connection with the Company's Chapter 7 Case, with a view to the successful prosecution of such case;

RESOLVED, that each of the Authorized Signatories be, and hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance from legal counsel, accountants, financial advisors, and other professional advisors, and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with the Company's Chapter 7 Case, with a view to the successful prosecution of such case.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to do such further acts and things as any Authorized Signatory or such other duly authorized person shall deem necessary or appropriate in connection with, or to carry out the actions contemplated by the foregoing resolutions, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, affix common seal on, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, resolutions, deeds, instruments, letters, certificates, proxies, notices, certificates, acknowledgements, authorizations, consents, releases, waivers and other documents (whether of like nature or not) (the "Ancillary Documents") and all amendments and modifications to any such Ancillary Documents, and to pay, or cause to be paid, all such payments, as any Authorized Signatory may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the

organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

*/s/ Veranda L. Dickens*
_____            _____
Veranda L. Dickens                                          Gwendolyn L. Butler


_____            _____
James W. Compton                                            David A. Kelly


_____            _____
Challis Lowe                                                Jory Luster


_____
Eric A. Reeves

organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

_____  _____
Veranda L. Dickens  Gwendolyn L. Butler

*/s/ James W. Compton*
_____  _____
James W. Compton  David A. Kelly

_____  _____
Challis Lowe  Jory Luster

_____
Eric A. Reeves

3896463/2/17386.002

organizational documents of the Company, or hereby waives any right to have received such notice; and

    RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

_____  
Veranda L. Dickens

_____  
Gwendolyn L. Butler

_____  
James W. Compton

_____  
David A. Kelly

_____  
Challis Lowe

_____  
Jory Luster

_____  
Eric A. Reeves

organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

_____          _____
Veranda L. Dickens                      Gwendolyn L. Butler

_____          _____
James W. Compton                        David A. Kelly

_____          _____
Challis Lowe                            Jory Luster

*[signature: Eric A. Reeves]*
Eric A. Reeves

organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

_____          _/s/ Gwendolyn L. Butler_____
Veranda L. Dickens                                        Gwendolyn L. Butler


_____          _____
James W. Compton                                      David A. Kelly


_____          _____
Challis Lowe                                                Jory Luster


_____
Eric A. Reeves

3896463/2/17386.002

organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

_____           _____
Veranda L. Dickens                                         Gwendolyn L. Butler


_____           _____
James W. Compton                                         David A. Kelly


_____           _____
Challis Lowe                                                  Jory Luster


_____
Eric A. Reeves

3896463/2/17386.002

organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED, that all acts relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act had been specifically authorized in advance by a valid resolution of the Board.

_____  _____
Veranda L. Dickens          Gwendolyn L. Butler


_____  _____
James W. Compton            David A. Kelly


_____  _____
Challis Lowe                Jory Luster


_____
Eric A. Reeves

3896463/2/17386.002

SEAWAY BANCHARES, INC.
C/O JASON M. TORF
HORWOOD MARCUS & BERK CHARTERED
500 WEST MADISON STREET, SUITE 3700
CHICAGO, IL 60661

AMERICAN STOCK TRANSFER & TRUST
COMPANY
6201 15th AVENUE, BROOKLYN
NEW YORK, NY 11219

CORPORATION SERVICE COMPANY
P.O. BOX 13397
PHILADELPHIA, PA  19101-3397

CROWE HORWATH
ONE MID-AMERICA PLAZA, SUITE 700
OAKBROOK TERRACE, IL  60181-4450

DEPARTMENT OF THE TREASURY / IRS
550 MAIN STREET, #1000
CINCINNATI, OH 45999-0039

MUCH SHELIST
191 NORTH WACKER DRIVE, SUITE 1800
CHICAGO, IL  60605

MUSA TADROS
C/O MARTY SCHWARTZ
SCHAIN BANKS KENNY & SCHWARTZ
THREE FIRST NATIONAL PLAZA, SUITE 5300
CHICAGO, IL 60602

WILMINGTON TRUST COMPANY
Attn: CHRIS SLAYBAUGH – CORPORATE TRUST ADMINISTRATION
RODNEY SQUARE NORTH
1100 NORTH MARKET STREET
WILMINGTON, DELAWARE 19890-1600

WASHINGTON, PITTMAN & McKEEVERS
819 SOUTH WABASH AVENUE, #600
CHICAGO, IL  60605